UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKECHUKWU CHARLES SUNNY-ODIO, <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | Case No.  26-cv-04816-RFL <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 9 |

Ikechukwu Charles Sunny-Odio is a Nigerian national and master's student at the University of California, Berkeley.  He secured a job offer in the United States and submitted a Form I-765 Application for Employment Authorization to the U.S. Citizenship and Immigration Services ("USCIS").  But USCIS Policy Memoranda 602-0192 and 602-0194 indefinitely paused adjudicating immigration benefit applications from nationals of 39 countries designated as high risk, including Nigeria.  Relatedly, USCIS Policy Alert 2025-26 treats factors used to designate high-risk countries as significant negative factors in the adjudication process.  So USCIS has not adjudicated Sunny-Odio's I-765.  He now moves for a preliminary injunction barring Defendants from applying the Policy Memoranda and Policy Alert when adjudicating his I-765.  For the reasons stated below, Sunny-Odio's motion is **GRANTED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Likelihood of Success on the Merits.***  Sunny-Odio has shown a likelihood of success on his arbitrary and capricious claim under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). The Policy Memoranda and Policy Alert are final agency actions, and there is no evidence that Defendants considered the reliance interests of immigration benefit applicants or alternatives to an indefinite pause.  *See Behdin v. Edlow*, No. 26-CV-00566-SVK, 2026 WL 1031079, at *18– 22 (N.D. Cal. Apr. 16, 2026); *Meschi v. Edlow*, No. 26-CV-01993-AGT, 2026 WL 1157151, at *1 (N.D. Cal. Apr. 29, 2026); *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, No.

1

26-CV-132-JJM, 2026 WL 1622708, at *22–26, *47–54 (D.R.I. June 5, 2026).  The jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply.  *See Behdin*, 2026 WL 1031079, at *6–7, *9–11; *Dorcas*, 2026 WL 1622708, at *13–16.  Nor are the challenged actions "committed to agency discretion by law" under 5 U.S.C. § 701(a)(2).  *See Behdin*, 2026 WL 1031079, at *13; *Dorcas*, 2026 WL 1622708, at *19–20.

Since Sunny-Odio has shown a likelihood of success on one of his claims, his other claims need not be addressed.

***Irreparable Harm.***  Sunny-Odio has shown irreparable harm.  The Policy Memoranda and Policy Alert have already caused him to delay starting his new job.  (Dkt. No. 14 at 42.)[1]  If Sunny-Odio loses this job and cannot start another one because of his inability to receive employment authorization, he risks a significant setback at the start of his career in a competitive job market.  (*Id.* at 42–43.)  Additionally, the uncertainty caused by USCIS's policies has had an ongoing profound effect on Sunny-Odio's life, including preventing him from traveling for his grandmother's funeral, injecting doubt about his future in this country into his long-term relationship, causing panic attacks, and affecting his ability to effectively pursue his research and education.  (*Id.* at 43–44.)  Those harms are all irreparable and directly caused by the uncertainty about his visa and employment authorization status under the Policy Memoranda and Policy Alert.  *See Behdin*, 2026 WL 1031079, at *24–25.

Even though the Policy Memoranda and Policy Alert were vacated in *Dorcas*, Sunny-Odio still faces imminent harm, because of the uncertainty that remains as to whether that ruling will be stayed or overturned on appeal.  "[C]ourts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief."  *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020) (citing, among other cases, *California v. Health & Hum. Servs.*, 390 F. Supp. 3d 1061, 1065–66 (N.D. Cal. 2019)).  That is

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

particularly true when the other order is "one in a different circuit that could be overturned or limited at any time." *California*, 390 F. Supp. 3d at 1066. Indeed, the government has already filed a notice of appeal in *Dorcas* (Dkt. No. 22-2), and seemingly intends to request a stay from the First Circuit. (*See* Dkt. No. 22-1 at 4.)

***Balance of Harms and Public Interest.*** "[T]here is generally no public interest in the perpetuation of unlawful agency action." *Am. Ass'n of Univ. Professors v. Trump*, 815 F. Supp. 3d 907, 976 (N.D. Cal. 2025) (quoting *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)). An injunction prohibiting applying the Policy Memoranda and Policy Alert to Sunny-Odio's I-765 would put him back in the normal queue. It would not allow him to cut the line. If anything, "applicants from countries not subject to the Policy Memoranda are the ones who have been allowed to 'leapfrog' in front of [Sunny-Odio]." *See Behdin*, 2026 WL 1031079, at \*15, \*26.

***Conclusion.*** Sunny-Odio's motion is **GRANTED**. As Defendants have not requested a bond under Federal Rule of Civil Procedure 65(c), none will be required. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882–83 (9th Cir. 2003). Defendants and all of their respective officers, agents, servants, employees, attorneys, and any person in active concert or participation with them are **ENJOINED** from applying USCIS Policy Memoranda 602-0192 and 602-0194, or USCIS Policy Alert 2025-26, to any Form I-765 application filed by Sunny-Odio. Defendants' counsel is **ORDERED** to submit a status report by **June 22, 2026**, confirming that this order has been communicated to Defendants and that Sunny-Odio's application is currently being adjudicated in a manner consistent with USCIS's processes absent the enjoined policies.

    **IT IS SO ORDERED.**

Dated: June 18, 2026

        RITA F. LIN
        United States District Judge

3